MEMORANDUM *
*736 U-Haul International, Inc., appeals the district court’s summary judgment in favor of Clarendon American Insurance Company in this contract dispute under Arizona law. We reverse and grant summary judgment to U-Haul. Specifically, we hold that the insurance agreement obligates Clarendon to pay U-HauPs Claims Expense once U-Haul has satisfied its Retained Amount through the payment of damages.
Section 1(A)(1) of the insurance agreement provides that Clarendon will be responsible for paying “that portion of the Ultimate Net Loss, in excess of the Retained Amount, which the Insured has become legally obligated to pay as damages and related Claims Expense.” The definition of Ultimate Net Loss in Section V(T) confirms that it encompasses damages only, and thus that Claims Expense is a separate and additional obligation.
Clarendon does not dispute that it is obligated to pay some Claims Expense, but instead interprets that term to be limited to Clarendon’s own litigation costs or those it otherwise voluntarily incurs. Nothing in the definition of Claims Expense found in Section V(E) suggests any such limitation. Moreover, at least two aspects of the definition are plainly inconsistent with Clarendon’s interpretation. First, the inclusion of “[ijnterest as required by law on awards or judgments” is inconsistent with a limitation to voluntarily incurred expenses. Second, the definition specifically excludes “[sjalaries and travel expenses of employees of the Insured ” (emphasis added), which would be unnecessary if the policy already excluded all of U-Haul’s defense costs. Further, Section VII(L)(l)’s condition that Clarendon consent in writing to any “Claims Expense paid” is inconsistent with Clarendon’s effort to limit Claims Expense to Clarendon’s own expenses. In sum, the only plausible interpretation of Section 1(A)(1) requires Clarendon to pay U-Haul’s Claims Expense once U-Haul has satisfied its Retained Amount through the payment of damages.
Clarendon raised at oral argument another interpretation of the voluntariness limitation to mean that if U-Haul tenders its Retained Amount to Clarendon at the front end of a lawsuit, Clarendon then takes over the defense of the suit and must decide whether to incur further expenses toward that end. Nothing in the policy provides for or even appears to contemplate such a front-end tendering. In any event, it still does not explain the inconsistencies discussed above.
We also are unpersuaded by Clarendon’s argument that other provisions in the insurance agreement conflict with Section 1(A)(1) so as to create an ambiguity as to Clarendon’s obligations. Section 1(B)(1) provides that “[t]he defense of claims or Suits to which this policy applies is the obligation of the Insured.” This language (along with Section 1(B)(2)) places the burden of defense on U-Haul and clarifies only that Clarendon would not itself be required to take over U-Haul’s defense (also undercutting Clarendon’s tendering argument); it does not address Clarendon’s ultimate payment obligations once the Retained Amount is satisfied through damages. Section 1(B)(2) provides: “The Insured shall pay all claim expense within the Retained Amount which relates to the defense of claims or Suits.” Clarendon argues that this means that U-Haul must pay all of its own defense costs, but such an interpretation renders the phrase “within the Retained Amount” meaningless. See Liberty Ins. Underwaters, Inc. v. Weitz Co., 215 Ariz. 80, 158 P.3d 209, 212 (2007) (“Insurance policy provisions must be read as a whole, giving meaning to all terms.”). Rather, the sentence reinforces our conclusion that U-Haul is re *737 sponsible for its defense costs “within the Retained Amount” until it has reached the Retained Amount through the payment of damages. The second sentence in Section 1(B)(2) — “However, any claim expense that is incurred by the Insured shall not be applied against the Retained Amount”— addresses the separate point that U-Haul’s defense costs do not erode the Retained Amount.
Thus, Clarendon has failed either to show that the definition of Claims Expense should be limited to its own defense costs or to identify any conflicting provisions in the insurance agreement that would cast doubt on our interpretation. We agree with the dissent that if the extrinsic evidence showed that Clarendon’s policy interpretation was plausible, remand would be appropriate to allow a jury to resolve the disputed issue. See Taylor v. State Farm Mut. Auto. Ins. Co., 175 Ariz. 148, 854 P.2d 1134, 1140 (1993). Even under Taylor, however, the court may make a threshold determination regarding the evidence’s persuasive value. See id. at 1141. Having considered Clarendon’s extrinsic evidence, we conclude that none of it reasonably supports Clarendon’s position on the disputed issue of who bears the responsibility for U-Haul’s Claims Expense after it has satisfied its Retained Amount. The extrinsic evidence is persuasive only with regard to the now undisputed issue of whether U-Haul’s payment of Claims Expense erodes its Retained Amount.
Finally, we are not troubled by the purported anomaly that “Clarendon pays nothing in the event of a defense verdict, or a verdict against U-Haul in the amount of $4,999,999.99 or less, regardless of the amount of litigation costs.” Dissent at 2. The policy is consistent with limiting U-Haul’s damages exposure to $5 million and leaving to U-Haul the responsibility for managing any litigation (and defense costs) when damages are less than that amount. Once that damages threshold is reached, however, Clarendon’s liabilities under Section 1(A)(1) are triggered, including payment of “damages and related Claims Expense.”
Taking into account the language of the insurance agreement and the extrinsic evidence in the record, we hold that the policy is not reasonably susceptible to Clarendon’s proffered interpretation. We reverse and remand with instructions for the district court to grant summary judgment in favor of U-Haul. See Taylor, 854 P.2d at 1144-45.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided *736 by 9 th Cir. R. 36-3.